UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRICE JAMAR RHODES                                                                              Plaintiff

v.                                                                      Civil Action No. 3:21-cv-P101-RGJ

JUDGE CHARLES CUNNINGHAM                                                                     Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Brice Jamar Rhodes filed the instant *pro se* action proceeding under 42 U.S.C. § 1983. The complaint is before the Court on an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss Plaintiff's claims against three of the Defendants and stay the action against the remaining Defendant.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, sues Judge Charles Cunningham[1]; Thomas Wine, identified by Plaintiff as the "Chief Prosecutor"; Elizabeth Brown Jones, identified as a prosecutor; and Ryan Griffin, identified as a detective with the Louisville Metro Police Department. He sues each Defendant in his or her individual and official capacities.

Plaintiff alleges that his civil rights were violated "by all named defendants, for due process, abuse of process, cruel and unusual punishment, malicious prosecution; extreme emotional distress, humiliation and public ridicule." He also alleges "loss of personal reputation, pain and suffering, racial discrimination." He states that on June 3, 2016, at a preliminary hearing

---

[1] The Court takes judicial notice that Cunningham is a Jefferson County Circuit Court Judge.

Defendant Griffin "swore under oath and gave false testimony, he committed perjury 1st degree." Plaintiff further states as follows:

> [Defendant Griffin] stated he was on a case on May 4th 2016 that was false information because on all discovery documents such as the major crimes investigation report and police reports never state Ryan Griffin they only state Brian A. Griffin and A. Wilder only. Ryan Griffin also altered discovery evidence by changing time frames. He stated he did a neighborhood canves at 2:00 am but that was false. Brian A. Griffin stated he did so at 0139 hours with A. Wilder only.

Plaintiff further maintains that Defendant Jones "still submitted this false testimony and evidence into discovery which is illegal malius prosecution." He asserts that Defendant Wine "is also responsible due to hes the chief prosecutor its his job to oversee cases in his office."

Plaintiff also states that he informed Defendant Cunningham in June and October 2020 "of the misconduct and perjury and he refuses to acknolog the misconduct and crimes committed by the prosecution." Plaintiff further alleges that Defendant Cunningham "has been bias and unfair treatment and racial discrimination, by allowing this case to continue failing to act." He states, "They also used the media to slander and [illegible] my name with false fabricated testimonys."

As relief, Plaintiff seeks compensatory damages and "[i]mmunity."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

### A. Defendants Cunningham, Wine, and Jones

#### 1. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants Cunningham, Wine, and Jones are officers or employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims

under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants Cunningham, Wine, and Jones for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

In addition to monetary damages, Plaintiff seeks injunctive relief in the form of immunity from prosecution, which the Court construes as seeking dismissal of the charges against him. However, this Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). Therefore, Plaintiff's official-capacity claims seeking injunctive relief must also be dismissed.

**2. Individual-capacity claims**

Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*,

435 U.S. at 356-57. Neither of these exceptions to judicial immunity is applicable here. Plaintiff's allegations against Defendant Cunningham clearly arise out of his role in presiding over his criminal case, and Plaintiff does not allege that he did not have jurisdiction over his criminal proceedings. Consequently, Plaintiff's individual-capacity claims against Defendant Cunningham must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity "'extend[s] to the knowing use of false testimony before the grand jury and at trial'") (quoting *Burns v. Reed*, 500 U.S. 478, 484 (1991)); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Therefore, Plaintiff's individual-capacity claims against Defendants Wine and Jones are barred by prosecutorial immunity and must be dismissed for failure to state a claim upon which relief may granted.

## B. Defendant Griffin

### 1. Official-capacity claim

Plaintiff's official-capacity claim against Defendant Griffin is actually brought against his employer, Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. at 165. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality

is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that Defendant Griffin's actions were taken based on a policy or custom of Louisville Metro Government. Accordingly, Plaintiff's official-capacity claim against Defendant Griffin will be dismissed for failure to state a claim upon which relief may be granted.

**2. Individual-capacity claim**

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Federal Rule of Civil Procedure 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S.at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). Plaintiff alleges that his rights were violated "by all named defendants, for due process, abuse of process, cruel and unusual punishment, malicious prosecution; extreme

emotional distress, humiliation and public ridicule" and alleges "loss of personal reputation, pain and suffering, racial discrimination." However, the Court finds that these allegations are "'bare assertion[s] of legal conclusions'" which this Court is not required to accept, *Tackett*, 561 F.3d at 488 (quoting *Tatum*, 58 F.3d at 1109), and lack sufficient factual basis to support a claim. *Iqbal*, 556 U.S. at 678.

The facts alleged against Defendant Griffin are that he gave false testimony at a preliminary hearing and that he "altered discovery evidence by changing time frames." Broadly construing the complaint, the Court construes the allegations as asserting a § 1983 malicious prosecution claim against Defendant Griffin. However, Plaintiff is a pretrial detainee, and the Court concludes that the criminal charges in connection with the allegations against Defendant Griffin remain pending.

"If a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Given the nature of Plaintiff's claim against Defendant Griffin and the on-going criminal proceedings against him, the Court will stay the action pending the final disposition of Plaintiff's criminal case.

### IV.

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Cunningham, Wine, and Jones are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) because the complaint fails to state a claim upon which relief may be granted and seeks relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate Defendants Cunningham, Wine, and Jones** as parties to the action.

**IT IS HEREBY ORDERED** that this civil action is **STAYED** pending the final disposition of the criminal case against Plaintiff.

**<u>Plaintiff shall notify the Court in writing within 30 days of the final disposition of the criminal action against him.  Plaintiff is WARNED that his failure to do so will result in the dismissal of this civil action.</u>**

Date:   August 30, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.010